Roger P. Krumm of Holt, Krumm, Mays & Shryock, Fulton, for appellant.

Michael P. Riley of Carson, Monaco, Coil, Riley & McMillin, P.C., Jefferson City, for respondent.

Before SOMERVILLE, P.J., and SHANGLER and MANFORD, JJ.

MANFORD, Judge.

This is a direct appeal from a decree of dissolution. The judgment is reversed and the cause remanded.

Original appellant (wife) presents two points, which in summary charge that the trial court erred in (1) limiting the award of maintenance to appellant (wife) for five years, because there was no evidence showing that the circumstances of the parties were in the future likely to change; and (2) awarding marital property on an 85%/15% basis. Respondent (husband), as cross-appellant, charges that the trial court erred in granting the wife temporary maintenance pending disposition of the appeal.

**In re the MARRIAGE OF: Albert L. BOGG and Carol Jean Bogg.**

**Albert L. BOGG, Respondent,**

v.

**Carol Jean BOGG, Appellant.**

**No. WD 33902.**

Missouri Court of Appeals, Western District.

Sept. 27, 1983.

As Modified Dec. 27, 1983.

The record shows that the parties were married in 1965, and separated in 1973–1974. There were no children born of the marriage. One adopted daughter was emancipated at the time of trial. Neither party disputes the dissolution of the marriage. The dispute centers upon the maintenance award to appellant (wife) and the distribution of the marital property. Marital misconduct is not a controlling factor.

The record reveals that the parties were married in 1965 and entered into a joint effort to work and expand a private business named A.L. Boggs Company. This was a company taken over by respondent (husband) from his father around 1959. The evidence shows that appellant (wife) worked with respondent (husband) in the business and maintained the household in the early years (1965–68), but following that time, her role as both business participant and homemaker diminished until both ended at the time the parties separated. The evidence as to the amount and type of participation in the business was in dispute. In addition, these people were separated almost eight years prior to trial, and appellant's contributions as homemaker were disputed as well.

The evidence reveals that respondent (husband), without question, contributed the greater share to the business. Appellant-wife even acknowledged in her testimony that she was not entitled to 50% and elected to rest upon a fair distribution by the court.

The trial court awarded the total sum of $148,200 to appellant-wife in marital property, plus the sum of $675.00 per month as maintenance to appellant for five years.

The wife's first point of error challenges the five-year limitation on the monthly maintenance award on the basis that the evidence was insufficient to show a future change of circumstances regarding either party to support the five-year limitation. The judgment noted that the monthly maintenance award was "so that she may be able to qualify herself for appropriate employment."

The evidence revealed that the wife has a tenth-grade education and is currently employed as a grocery check clerk with a net monthly income of $400.00. She also receives $60.00 per month (separate property) as royalties on an oil lease in Oklahoma. Without specificity, the wife testified that her monthly expenses were approximately $1,400 per month.

■ There is no substantial evidence to support the limitation of the five-year period upon the maintenance award. Such lim-

ited awards are authorized, but they must be made upon an evidentiary basis of a change of the financial conditions of the parties and must not rest upon mere speculation. *LoPiccolo v. LoPiccolo,* 547 S.W.2d 501, 505 (Mo.App.1977); *In Re Marriage of Powers,* 527 S.W.2d 949, 955 (Mo.App.1975).

The portion of the decree awarding maintenance is reversed because there was no evidentiary basis to support the trial court's limitations of such award to five years.

■ As to point (2) raised by the wife regarding her contention of a disparity of the division of marital property, the portion of the decree dividing the marital property is also reversed. Reversal of that portion of the decree becomes necessary to enable the trial court to consider an award of maintenance, not encumbered by a time limitation or duration, in conjunction with the total division of the marital property.

Husband, as cross-appellant, presented one point, and this sole point charges that the trial court erred in the award of temporary maintenance pending the disposition of this appeal.

That point is taken up and ruled against the husband-cross appellant upon the basis that the same evidence which supported the trial court's award of permanent maintenance also supports the trial court's award of temporary maintenance.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

All concur.